Dancer v. Meyers.

---

ELIAS F. DANCER, APPELLEE, v. EDWARD P. MEYERS, APPEL-
LANT.

CHARLES J. COLLINS, APPELLANT, v. RUFUS HANEY ET AL.,
APPELLEES.

MEYERS LAND & CATTLE COMPANY, APPELLEE, v. ROY F.
DANCER, APPELLANT.

MEYERS LAND & CATTLE COMPANY, APPELLANT, v. ERNEST
E. HAUPT, APPELLEE.

FILED NOVEMBER 15, 1919. No. 20382.

Boundaries: ORIGINAL CORNERS: EVIDENCE. A government resurvey authorized by act of congress for the purpose of relocating and restoring lost or obliterated corners is evidence that the original corners are at the places relocated, but such evidence may be overturned by more convincing evidence that the original corners were in fact elsewhere.

APPEAL from the district court for Arthur county: WILLIAM H. WESTOVER, JUDGE. Affirmed.

Mitchell & Gantz, for Edward P. Meyers et al.
Daniel F. Osgood, for Elias F. Dancer et al.

Rose, J.

Four cases were consolidated below for the purpose of trial, and there is an appeal in each case. In the first case Elias F. Dancer is plaintiff and Edward P. Meyers is defendant. They own adjoining lands in sections 14 and 23, township 20, range 38, in Arthur county, and are disputing about the boundary between their possessions. Each claims the same strip of land and seeks by his pleadings and proofs to have the title thereto quieted in himself and to have his rights, when thus established, protected by an injunction against the other. The trial court found generally in favor of plaintiff and entered a decree against defendant, who has appealed.

In the second case Charles J. Collins is plaintiff and Rufus Haney is defendant. They own adjoining lands in sections 7 and 8, township 20, range 37, in Arthur county, and are disputing about the boundary between their possessions. Each claims the same strip of land and seeks by his pleadings and proofs to have his title thereto quieted in himself and to have his rights, when thus established, protected by an injunction against the other. The trial court found generally in favor of defendant and entered a decree against plaintiff, who has appealed.

In the third case the Meyers Land & Cattle Company is plaintiff and Roy F. Dancer is defendant. They own adjoining lands in Arthur county. The action is ejectment for lands in sections 13 and 24, township 20, range 38, and in section 19, township 20, range 37. The answer was a general denial. The parties waived a trial by jury. The findings and judgment were in favor of plaintiff, and defendant has appealed.

In the fourth case the Meyers Land & Cattle Company is plaintiff and Ernest E. Haupt is defendant. They own adjoining lands in Arthur county. The action is ejectment for lands in section 34, township 20, range 37. The answer was a general denial. The

parties waived a trial by jury. The findings and judgment were in favor of defendant, and plaintiff has appealed.

The principal issues of fact presented and tried involved the location of government corners according to the original survey of the townships in 1876. These corners are necessary to the defining of the sections and the quarter sections owned by the parties. The corners in controversy were subjects of disagreement among the early settlers, and the controversy extends to present landowners. Under an act of congress approved March 3, 1909 (35 U. S. St. at Large, p. 845, ch. 271) and amended June 25, 1910 (36 U. S. St. at Large, resolution 40, p. 884), a resurvey or retracement of the original survey was made by government surveyors in 1912 and 1913 for the purpose of relocating and restoring lost or obliterated corners. One set of litigants contends that the government surveyors who retraced the original government survey of township 20, range 37, and township 20, range 38, Arthur county, found and restored the original government corner at the southwest corner of section 16, township 20, range 37, and at the southwest corner of section 36, township 20, range 38. This is controverted by another set of litigants. The evidence relating to the location of these original corners is conflicting and too voluminous for detailed narration in an opinion. The trial court found that the original government corner at the southwest corner of section 36, township 20, range 38, Arthur county, was in fact at the place designated by the resurvey or retracement. This finding is challenged as contrary to the evidence. Upon a consideration of all of the proofs, however, the finding seems to be correct. It is supported by the result of the resurvey itself which, having been made by competent officers under authority conferred by an act of congress, is evidence of the proper relocation. There is also competent oral testimony of government surveyors who assisted in restoring the corner, tending to show that they had

found at that place physical evidence of the original location, corresponding to the topographical features described in the original government field notes. In addition, there is testimony tending to show that the corner as restored had been observed before the surface indications of the original pits and mound had been obliterated. The findings as to this corner are adopted on appeal as being supported by a preponderance of the evidence.

The trial court, however, took a different view of the testimony relating to the place designated in the retracement as the southwest corner of section 16, township 20, range 37, and held that the original government corner was about 80 rods farther east. This finding is also challenged. While the resurvey is evidence tending to prove that the corner as relocated is an original government corner, the contrary may be shown by conflicting evidence of a more convincing nature. Many witnesses, including early settlers and local surveyors, testified in substance that they had seen the original government corner while it could be indentified by the original pits and mound made by the original government surveyors, and that it was not at the place indicated by the resurvey. The original location described by these witnesses was found by the trial court to be the original government corner. The evidence shows further that it had been selected by many of the early settlers as a starting place in surveying their homesteads, and that it has been generally recognized since as a government corner. The competent evidence of this character seems to overturn the evidence of a different import. The findings of the trial court in each of the four cases consolidated are found to be the proper deductions from the evidence and are adopted as correct. The government corners in dispute are definitely described in the decrees and accompanying plats in the district court, and as thus established there is an affirmance in each case.

AFFIRMED.

The following opinion on motion for rehearing was filed January 31, 1920. *Rehearing denied.*

Per Curiam.

Motions for rehearing overruled and affirmance of the judgment in each case adhered to, but permission is granted to any party to a judgment to apply to the district court to correct in such judgment clerical errors in descriptions of land, if any such error there be.

                                        Rehearing denied.